**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000076**
**30-JUN-2015**
**08:05 AM**

NO. CAAP-15-0000076

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAPAN BUSINESS SERVICE CO., LTD., a Japanese Corporation;
ASI HAWAII INC., a Hawaii Corporation; JAPAN AIRPORT SERVICE
CO., LTD., a Japanese Corporation, Plaintiffs-Appellants,
v.
KYOKO SANO, formally known as KYOKO KOBAYASHI;
YOSHIMI KOBAYASHI, formally known as YOSHIMI KIMURA,
Defendants-Appellees,
and
JOHN DOES -1020; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE GOVERNMENTAL ENTITIES 1-20,
Defendants
**(CIVIL NO. 12-1-3292)**

---

JAPAN BUSINESS SERVICE CO., LTD., a Japanese Corporation;
ASI HAWAII INC., a Hawaii Corporation; JAPAN AIRPORT SERVICE
CO., LTD., a Japanese Corporation, Petitioners-Appellants,
v.
NOBORU KOBAYASHI; NANKO KOBAYASHI;
KYOKO SANO, formally known as KYOKO KOBAYASHI;
YOSHIMI KOBAYASHI, formally known as YOSHIMI KIMURA
Respondents-Appellees
**(S.P. NO. 13-1-0221)**

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Plaintiffs/Petitioners/Appellants Japan Business Service Co., Ltd.; ASI Hawaii, Inc.; and Japan Airport Service Co., Ltd. have asserted from the Honorable Karl K. Sakamoto's January 14, 2015 "Final Judgment in Civil No. 12-1-3292-12 (KKS)" and January 14, 2015 "Final Judgment in Civil No. 12-1-3292-12 (KKS)" because the said judgments do not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) (1993 & Supp. 2014) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). The Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[ .]" <u>Id.</u>

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4. When interpreting

the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis). Additionally, the Supreme Court of Hawai'i has explained that,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example,
>
> > "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Jenkins</u>, 76 Hawai'i at 119-20 n. 4, 869 P.2d at 1338-39 n.4.

The instant appeal involves two civil cases-- S.P. No. 13-1-0221 and Civ. No. 12-1-3292--that the circuit court consolidated into a single case. "[C]onsolidation for convenience pursuant to HRCP Rule 42(a) also causes the cases to merge into one for purposes of determining finality of judgment." <u>Leslie v. Estate of Tavares</u>, 109 Hawai'i 8, 12, 122 P.3d 803, 807 (2005). Thus, in a consolidated circuit court civil case, the circuit court must enter a single judgment that resolves all claims as to all parties in all of the cases that the circuit court has consolidated, consistent with HRCP Rule 58 and <u>Jenkins</u>, unless

-3-

the circuit court certifies the judgment (on fewer than all claims) for appeal pursuant to HRCP Rule 54(b). Leslie, 109 Hawai'i 13, 122 P.3d 808 ("[A] judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification.").

In the instant case, the circuit court separately filed four judgments: the January 14, 2015, 10:27 a.m. "Final Judgment in S.P. No. 13-1-0221 (KKS)" that addressed only S.P. No. 13-1-0221 (**Judgment 1**); the January 14, 2015, 10:28 a.m. "Final Judgment in Civil No. 12-1-3292-12 (KKS)" that addressed only Civ. No. 12-1-3292 (**Judgment 2**);[1] the January 14, 2015 10:31 a.m. "Final Judgment in S.P. No. 13-1-0221 (KKS)" that addressed only S.P. No. 13-1-0221 (**Judgment 3**);[2] and the January 14, 2015, 10:32 a.m. "Final Judgment in Civil No. 12-1-3292-12 (KKS)" that also addressed only Civ. No. 12-1-3292 (**Judgment 4**). S.P. No. 13-1-0221 and Civ. No. 12-1-3292 constitute one consolidated case, but there is no single judgment that disposes of all of the claims in consolidated S.P. No. 13-1-0221 and Civ. No. 12-1-3292, and the statement in each judgment that "there are no remaining claims" does not serve to dismiss all remaining claims in the consolidated case of S.P. No. 13-1-0221 and Civ. No. 12-1-3292.

---

[1]  This appears to be a duplicate (bearing the stamped name and seal of the circuit court) of the January 14, 2015, 10:32 a.m. "Final Judgment in Civil No. 12-1-3292-12 (KKS)" that addressed only Civ. 12-1-3292 (Judgment 4) and bears the handwritten signature of the circuit court.

[2]  This appears to be a duplicate (bearing the stamped name and seal of the circuit court) of the January 14, 2015, 10:27 a.m. "Final Judgment in S.P. No. 13-1-0221 (KKS)" that addressed only S.P. No. 13-1-0221 (Judgment 1) and bears the handwritten signature of the circuit court.

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4. Furthermore, none of the judgments includes an express finding of no just reason for delay in the entry of judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). Hence, none of the judgments satisfies the requirements for an appealable final judgment under HRCP Rule 58 and the holdings in Jenkins and Leslie. Absent an appealable final judgment, the appellate court lacks jurisdiction over the appeal.

THEREFORE, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000076 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, June 30, 2015.

Presiding Judge

Associate Judge

Associate Judge